All right. Ms. McGrain may proceed. Morning, your honors. Julie McGrain, assistant federal public defender on behalf of Ronald Damon. With the court's permission, I'd like to reserve three minutes for rebuttal. Thank you. Mr. Damon moved for early termination of his supervisory lease, and his motion was denied by the district court on essentially two grounds. One, that Mr. Damon's motion was barred by the appellate waiver in his plea agreement. And reaching the merits, even despite the waiver, the district court said that Mr. Damon had not proven extraordinary or changed circumstances that would support granting the motion for early termination. Why doesn't Goodson decide this case? Well, your honor, Goodson talks about the fact that the duration of a term of imprisonment or the duration or conditions of supervisory lease would be a motion, a challenge that would be a motion that would be barred by the appellate waiver. Mr. Damon's motion for early termination of supervisory lease falls outside the scope of the waiver because he's not challenging the sentence imposed. Wait a second. So let's talk about this. In 2006, supervisory lease was part of his sentence. Correct. You're not contesting that it is still part of his sentence in 2008? That's correct. Right. And today, it's still part of his sentence. So what you want to do, I think, is you want to say that the waiver is limited to challenges to the imposition of the sentence. Yes. But the noun in that would have been imposition. But here, the waiver says it bars challenges to the sentence imposed. And here, the supervisory lease was part of the sentence that was imposed. So it's barred by the waiver. So you have two waiver problems. You have a waiver of the right to bring this motion in the district court in the first place. You also have a waiver of the right to appeal this issue up to us. If this is part of the sentence that was imposed, then aren't you out of court? Well, it does not challenge the sentence imposed because Mr. Damon did not ask the district court and would not ask this court to change the five-year term of supervisory lease. We're not asking for the judgment of conviction to be changed. We're not asking the court to reduce the amount of time that was imposed in the original sentence or to conclude that that five-year term was somehow defective or illegal or unfair. What Mr. Damon is asking is under a separate statutory authority, which is 3583E1, to excuse him from completing the sentence imposed, that five-year term of supervisory lease, based on his fulfillment of the required conditions, which are that he successfully served one year and showed himself ready for termination. But E1 is terminating a term of supervisory lease. Correct. So how is that, if the supervisory lease is a part of the sentence that was imposed on him, how is terminating it not? I get your logic that the purpose behind this is different from punishment, but simply because it doesn't change the wording of the judgment of conviction, but it's going to change what he's actually serving. Well, the Sixth Circuit in Spinell and the Ninth Circuit in Salazar and Wilson cites in DICTA with favor in Lawn, Jose, that the waiver of a right to appeal a sentence means what's imposed at the sentencing and memorialized in the judgment of conviction. Which this was. But it does not encompass a later modification. Wait a second. Most of the cases that you cite that you support are ones where the government challenged something. And there I get you completely. The defendant can oppose the government's attempt to change this, to add on more. But you've got this First Circuit judgment order signed by the clerk of the court that's not even in the federal appendix that is actually on your side. Is there anything else that supports a defendant's challenging the term, seeking a modification of supervisory lease, apart from that First Circuit opinion? Nothing published is in the context of the modification or early termination of supervisory lease. But if we look by analogy to 3582C2 proceedings. Well, if you're going to look at unpublished things, then wrestle with Lane, right? Because even though it doesn't bind us, it can certainly be looked to by parties for persuasive effect, and we can look at the reasoning. It says, I mean, it's directly on point, isn't it? Well, Lane says that the, yes, that at core, this is a challenge to the duration of the term of supervisory lease. It's not. Why isn't it? Lane looks at exactly the argument you're making here and says no. Supervised release was set at the time of the sentencing. That is a piece of the sentence in its entirety, and you don't like the duration of that anymore. But guess what? The duration as well as the conditions were part of the sentence, and therefore you waived your right to go after it. What's wrong with that logic? So, first of all, Lane, as Your Honor pointed out, is unpublished. It was decided on summary affirmance, so it wasn't fully briefed. The defendant was pro se. Go with the logic. I understand you don't like it. That's clear. But I just reiterated the logic for you. Why is that logic wrong? Well, because in a published opinion in this court in Wilson, the court adopted the logic of the law in Joe's case, which says that sentencing modification is a different phase than what the original sentencing proceeding is. You have the original sentencing proceeding where the sentence is imposed and set in the judgment of conviction. And when you have later conditions or later facts or a separate statutory provision that provides a defendant with the ability to modify or terminate that. Doesn't that logic just mean that duration is always up for grabs? By that reasoning, there's no stopping point, right? You could always, always say something might change, and therefore I'm free to appeal. Well, Your Honor, this could be fixed if the government, as the drafter of the plea agreement, specified that you cannot appeal the sentence imposed, nor can you motion for or later seek to modify the terms of your imprisonment or to terminate early. Is your argument a contractual one? Because obviously by that logic it could have been fixed by your bargaining for this express privilege as well, right? I mean you could have asked for the government to extend this and perhaps they would have said yes. So is your argument grounded in contract and ambiguity or is it grounded in some legal principle that you want us to define? Well, it's one or alternatively the other. Ideally, we would like this court to decide that the post-sentencing modification or termination phase is something that is separate and distinct from the imposition of the sentence. How do we get there? What's the basis for us deciding? Well, Spinell in the Sixth Circuit decides that the fact that there's separate statutory authority under 3583E1, which is not inconsistent with the imposition of a five-year term of supervised release, Congress has permitted the court to not only impose five years of supervised release but then later terminate it early. But if that is not a basis that the court is going to go down or finds compelling, then certainly under contractual rules, any ambiguity in the plea agreement is construed in favor of the defendant. The government is the one who drafts it. Where's the ambiguity? The language says you're not going to challenge this sentence, period. You're just not going to do it, including motions. It's not just appeals. It's not just habeas. Right. Challenges to the sentence imposed. Yeah. And the sentence imposed included five years of supervised release. That's part of the sentence. Correct. But in telling my client that your sentence imposed is 144 months and five years of supervised release, I would never have taken the language of this plea agreement. I'm not the one who negotiated it, but would look at the language of this plea agreement and say, that means that when the law changes and 3582 allows you to move for a reduction of your sentence, you're barred from doing that by this appeal waiver. So is your argument that the waiver doesn't apply because this was a less-than-knowing involuntary waiver when it was entered into? No, we didn't argue that. We argued that it's outside the scope of the plain language of the ---- You said, Damon reasonably understood that his waiver of appellate and collateral rights was limited to challenges arising out of the original sentencing proceedings and did not include subsequent modifications of that sentence. It sounds like what you're saying is sort of a who knew. Like, how could we have possibly understood this? Well, if we understand that sentence imposed means the sentencing phase and that modification is a separate phase, then how would you know? But regardless of that, if there's some concern about a loophole or defendants doing an end run around an appellate waiver, that's on the government to change that and to specify, not for us to negotiate away our rights, but for the government to say this means modifications, this means early terminations. The government put in any appeal, any collateral attack, or any other writ or motion which challenges a sentence imposed by the sentencing court. I mean, I think contra preferentum, it's a decent point of yours, but this is relatively broad. This is not just direct appeal or habeas corpus here. Sure. But that other motion has to have some bite. And so the government is going to stand up and say, well, where's the ambiguity here? Isn't this something that you would have dickered over if it were? You seem to be – I guess it depends in part on how strong you think we ought to apply contra preferentum. But do you have authority for – the other courts don't seem to be as concerned – our president, Wilson, in that footnote, too, is concerned about defendants doing end runs here. So we're not like flyspecking these things in the way that you're suggesting. Well, but – so Wilson cites to a case which – cites to Scallon, which isn't even an early termination or a 3582 proceeding. It's a modification. And Mr. Scallon was incarcerated at the time he brought these challenges and could have argued for changes to the modification of his terms of supervised release on direct appeal or 2255. Mr. Damon could have never done that because 3583E1 requires conditions to be met, which includes one year of supervised release and showing that it's in the interest of justice. Before we let you go, I did want to ask a little bit. You know, we have this problem that this looks like a mandatory five-year term. Even if the waiver didn't apply, does the district court even have authority to reduce this mandatory term? So the only published opinion on this is Spinell and the Sixth Circuit, and it says that, yes, the court does. That 841B, which requires the imposition of a mandatory minimum five-year term – Spinell said that, but I'm not sure why I should find it persuasive. It seems like, again, you'd get an end run around the mandatory quality that Congress imposed. Well, first, there's no conflict between the statutes. The two of them can work together, impose five years, terminate after one year, and permits and conditions are met. That doesn't seem to answer the question. The question is, if you read it that way – it's true you could read it that way, but if you do read it that way, don't you completely gut the mandatory character of the five years that Congress, in terms as plain as you can get, said it wanted defendants like your client to have? Congress said, this guy gets five years. If what you say is, five years, but we can walk in the door tomorrow and say, and now reduce, doesn't that fly in the face of congressional intent? In other words, to read them together the way you suggest seems to be not appropriate. And Spinell predates the amendment where Congress added, notwithstanding Section 3583. So, if anything, the direction has gone against your client. Well, actually, so notwithstanding 3583 referred to before 3583 did not require any term of supervised release be imposed. 3583 was amended to say, provided that the statute of conviction demands that a term of supervised release be imposed, it must be imposed, notwithstanding what we have said in 3583. So it didn't address this mandatory scheme. And additionally, Congress, in addition to saying mandatory five years, also said, if you satisfy 3583 and serve a year, it's not a day later or it's not the day you get out of prison. It's serving a year in the interest of justice. And there are also really valid policy considerations. If the court decided that five years is five years, what happens to the defendants in reentry court or who are seeking compassionate relief or who have some terminal illness or inability to comply with supervision? It removes any caret or incentive to defendants on supervised release to comply and rehabilitate. Okay. Thank you very much, Mr. Graham. Mr. Romano. May it please the Court, Don Romano for the United States. I'd like to start with the waiver. As Judge Beeb just pointed out, it's comprehensive. Any appeal, any collateral attack, any other writ or motion, including but not limited to two specified loans, which challenges the sentence imposed. And this Court in Wilson, I think, pretty much directly addressed this. It was 3583E2, not 3583E1. But it said the defendant, the defendant's motion, cannot make one of these motions and challenge something that was, quote, imposed at sentencing and memorialized in the judgment. That's what this was. It's comprehensive. It does omit 3583 in its list. So what, if anything, do we make of that? I would say nothing, Your Honor, because it says including but not limited to. If I were to tick off all of the possible motions that this covers, I mean I would have a very long list, and then tomorrow the defendant would say, ah, but you didn't list this motion, and you didn't list that motion. It's including but not limited to, and it's any motion, any writ, any collateral attack. What about the argument that this is not a challenge to the sentence? Well, Your Honor, it is. No, they're not challenging the sentence. All they're doing is saying, hey, when it happened, that made perfect sense, things have changed, and you have the authority, Judge, under 3583 to look at this afresh. So I'm not challenging the sentence. I'm only exercising an independent statutory right, and if they wanted to take that away from me, they could have said so. Well, Your Honor, I think this Court has addressed that multiple times, and it's called it a challenge. Murray opinion, which again has to do with modification, this Court said, modification is, quote, another avenue to challenge their sentences. The Wilson Court, the plea agreement in that case was very similar to this one. In that case, the agreement barred the right to appeal or collaterally challenge his conviction or sentence, and this Court again said if that was something that was imposed at sentencing, as opposed to a later modification by the government, which could be challenged, if it was imposed at sentencing, then that is barred. It's an end run around the waiver. And then, of course, Lane, again, it's non-presidential, but dealt with this directly, and in that case used the word challenge multiple times because that's what it is. This was imposed at sentencing. Now he wants it to be reconsidered. I don't want five years. I only want three years. That's a challenge to the sentence that was imposed. The best case for your adversary is, you know, contra preferentum has some bite. You guys negotiate these. It's generally standard form language, and a challenge to the sentence imposed we normally think about, the court made a certain judgment about how much was needed for retribution and deterrence and these other purposes, and we wouldn't have to say that that court was wrong. All we'd have to say is, well, that was then. This is now. A couple years down the road, this person looks like a good risk, doesn't need. The purpose of supervised release is not punitive. It's rehabilitative, doesn't need continuing supervision. So it's not a classic challenge. Yes, but I think it is a challenge nonetheless, as the courts have repeatedly said. I had one sentence before. It was five years. I don't like it anymore. I want a shorter sentence. And, again, the courts have repeatedly said that in this context. And, again, I don't think the government needs to list every single motion. Again, if I went through them all, there would be a whole long list, and then tomorrow we'd be litigating another different kind of motion. It's including but not limited to any appeal, any motion, any collateral attack. So talk to me. We haven't really desegregated yet. There's this waiver of the right to file this motion in the district court, and then there's the appeal up to us. Does that appeal waiver operate the same way? Does it have any different bite? Even if it could file the motion, would it be barred from filing the appeal up to us? Your Honor, again, these are all sort of worked out in the plea agreement. Different language, different agreements. Some of the cases the defendant's sites have completely different language. Here, I mean, it says any appeal, any motion. I don't know how it might work out if it said any motion but didn't say any appeal. I don't know. But this contract deals with both of those things. I don't know if you want to talk more about the waiver. I want to ask a little bit about the mandatory quality of the supervised release term. How does 841 interact with 3583, especially after the amendment here? You know, 3583 covers a bunch of things. It covers modification of supervised release. It covers imposition of supervised release. So do we need to read these two statutes as in conflict, or can we harmonize them such that, you know, the imposition, you have to impose the five-year term, but that still leaves some wiggle room to modify later? I think the answer is no, Your Honor. I think, like you said, it's a mandatory minimum. And when we think of mandatory minimums, we think of something that needs to actually be served. I think there are a lot of district judges who would be very happy to hear that the mandatory minimum only requires it be imposed, and then the next day they could change it and make it less. It's a mandatory minimum sentence. So I think that's the first answer to that question, which is when we think of mandatory minimums, we think they have to be served. The second thing I would point to, and I wish I had made this clear in my brief, is if you look at the structure of 841, B1A, B, C, and D, it has a series of kind of graduating supervised release, mandatory supervised release terms based on the seriousness of the offense and whether the defendant is a recidivist or not. So it's 5 and 10 years for B1A, 4 and 8, 3 and 6, and then 2 and 4. It would be rather strange, I think, for Congress to create these penalties based on the seriousness of the offense and the recidivism of the defendant, make them mandatory, and then say that all of them can simply be terminated after one year under 3583. It doesn't make a whole lot of sense. Speak to your learned colleague's argument that to lay down a hard and fast rule that you could never modify a mandatory term would call into question the power of the court to respond to things like a reentry court decision or a humanitarian release motion for somebody who is terminally ill, that these are things 3583 was meant to get to, and so it can't be the case that mandatory means you can never touch it. Honestly, I don't know how things work out in the reentry court, except that I do know that the government, the probation department, the district court, the defendant, everyone is agreeing to something, and I don't know how they technically work that out. I also don't know, in the compassionate release area, whether you could, for example, lower a mandatory minimum sentence based on compassionate release. I looked into that and didn't find any case law. I do know, however, that if you look at the code and look at the federal rules, where Congress wants a provision to allow the district court to go below the mandatory minimum, it says it. 3553E in the cooperation context says you can go below the mandatory minimum. 3553F, safety valve, it says you can go below the mandatory minimum. And then in post-sentencing proceedings, federal rule of criminal procedure 35B specifically says district courts, you can now go below the mandatory minimum. Interestingly enough, 3583E1 does not say that, and I think that that's important. If Congress wanted to say you can go below the mandatory minimum, it could have said it. And in other contexts where there's a seeming conflict between a general statute and a mandatory minimum, this court has said the mandatory minimum prevails. You can't look at, for example, 3553A factors and say, ah, the parsimony provision, you can go below the mandatory minimum. This court has said you can't do that. So I think that that's important as well. And then finally, the notwithstanding clause. If there was any doubt, Congress added this provision that said notwithstanding 3583, which I think sort of resolves this and says, look, these are mandatory minimums. They should be served, mandatory minimums. Don't look to 3583. And I do think it's a little odd. Your Honor brought up the Spinell opinion. One circuit court had decided this 20 years ago, and it seems like every other court now says, oh, it's decided. Spinell already decided it. That's one court that decided it before the 2002 amendments. So I don't think this court should feel like, ah, Spinell decided this. Let's just go along with that, you know, opinion. Okay. Thank you. We would ask that you either dismiss or affirm. Thank you very much. So I would just like to address, first of all, counsel pointed to Williams in saying that we've decided that it has to be what it is. But Williams noted without deciding that 3582 motions and appeals would likely not be barred by a waiver in a defendant's plea agreement. And if 3583E1 motions are in any way analogous to 3582C2 motions, then the court is also saying that these post-sentencing modification motions are different than what happened. There are changed circumstances. There's conditions prerequisite to showing that this defendant has been. Why don't you speak to Mr. Romano's argument that when Congress wants to allow, I mean, assuming we got past the waiver, when Congress wants to allow a court to respond to a defendant's application that a mandatory minimum be not ignored but set to the side for some reason. It knows how to say that, and it does say that. It says it repeatedly in a variety of different ways. And here it has not said anything remotely like that. On the contrary, when it amended the statute, it said, yeah, and don't be thinking about 3583 because we don't want you thinking about that. Well, as I mentioned earlier, when the 3583 was amended, the legislative history, which is cited in my brief, it was limited to allowing a – because supervised release was not required by 3583, and it was required, the imposition of it was required by 841. That was the purpose for that amendment. It didn't seem to respond to his argument, though, which is Congress speaks specifically. When it says something is mandatory, it means it. And if it means for you to be able to get past that, judges, it says so. And it didn't say so here. What's your response to that? Well, for instance, in 3582C2, it specified that you could not go below the mandatory minimum when reducing a sentence based on a change in the guidelines. So it was on Congress to say you can't, not on – it's not enough for Congress to, in other places, say you can. The word mandatory by itself isn't good enough. Well, not in the – not in the context if you're saying that sentence imposed and the sentencing – the two sentencing phases are different, Your Honor. Thank you very much, Ms. McBrain. Thank you. And thank you, Mr. O'Malley. We've got the case under advisement.